IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**RYAN SUTHERLAND, Individually
and on Behalf of All Others Similarly
Situated**                                                                    **PLAINTIFF**


vs.                                    No. 5:19-cv-5071-PKH


**CENTURION SECURITY, L.L.C., and
PROFESSIONAL SECURITY, INC.**                                  **DEFENDANTS**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Ryan Sutherland ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Josh West and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action (the "Complaint") against Defendants Centurion Security, L.L.C., and Professional Security, Inc. (collectively "Defendants"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.     This is a hybrid class and collective action brought by Plaintiff Ryan Sutherland, individually and on behalf of all other similarly situated hourly-paid employees who are or were employed by Defendants at any time within the three (3) year period preceding the filing of this Complaint, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the

"FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Plaintiff brings this action under the FLSA and the AMWA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees proper overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

4.      Additionally, Plaintiff brings this action individually against Defendants for violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* (the "USERRA"), and seeks equitable and injunctive relief, compensatory damages, lost benefits and promotion, liquidated damages, and costs, including a reasonable attorney's fee.

## II. JURISDICTION AND VENUE

5.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the USERRA.

6.      This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal FLSA cause of action alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

7.    This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

8.    The acts complained of in this Complaint were committed and had their principal effect against Plaintiff within the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9.    Defendants conduct business in this District and a substantial part of the events alleged in this Complaint occurred in this District.

10.    Upon information and belief, the witnesses to overtime wage violations and USERRA violations alleged in this Complaint reside in this District.

11.    Upon information and belief, the employment and payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Plaintiff Ryan Sutherland is an individual and resident of Benton County.

14.    Defendant Centurion Security, L.L.C. ("Centurion"), is a domestic limited liability company, and it may receive service of process through its registered agent, Thomas D. Honeycutt, Jr., at 3610 Towson, No. 3, Fort Smith, Arkansas 72901.

15.    Defendant Professional Security, Inc. ("PSI"), is a domestic for-profit corporation, and it may receive service of process through its registered agent, Thomas D. Honeycutt, Jr., at 3610 Towson, No. 3, Fort Smith, Arkansas 72901.

## IV.FACTUAL ALLEGATIONS

### A.    FLSA and AMWA

16.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17.    Upon reasonable information and belief, Defendants are jointly governed and operated as a single entity with multiple locations by the same officers and directors, with each location having its own corporate registration.

18.    Defendants jointly maintain a website, www.professionalsecurityarkansas.com, and on this website each Defendant is listed as providing security services for different locations for a single enterprise, with Centurion being listed as providing security services in Northwest Arkansas and PSI being listed as providing security services in Western Arkansas and Eastern Oklahoma.

19.    According to Defendants' website, "Professional Security and Centurion Security are separately licensed companies, but are managed together to provide contract security solutions in Arkansas, Oklahoma and Missouri. https://professionalsecurityarkansas.com/about-us/ (accessed April 2, 2019).

20.    Defendants are directed, overseen, and jointly operated by the same officers and directors.

21.    These above-listed entities were operated as a single enterprise by Defendants, in which profits were comingled, there was joint oversight and management, and centralized pay policies were applied to all employees, regardless of location.

22.    Defendants act jointly as an "employer," within the meanings set forth in the FLSA and the AMWA and were at all times relevant to the allegations in this Complaint the employer of Plaintiff and the members of the proposed collective and class.

23.    Together, these entities jointly established and uniformly applied the pay policy that affected Plaintiff and other hourly employees.

24.    Together, these entities jointly determined the hours worked by Plaintiff and other hourly employees and the manner in which Plaintiff and other hourly employees performed their job duties.

25.    Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

26.    Upon reasonable information and belief, revenue from the individual Defendants' was merged and managed in a unified manner.

27.    As a result of this unified operation, control and management, with the authority to establish wages and wage policies, Defendants operated as a single enterprise.

28.    During each of the three (3) calendar years preceding the filing of this Complaint, Defendants employed at least two (2) individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person, such as office equipment and security equipment.

29.     During each of the three full (3) calendar years preceding the filing of this Complaint, Defendants' annual gross volume of sales or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

30.     During each of the three full (3) calendar years preceding the filing of this Complaint, Defendants continuously employed at least four (4) employees.

31.     Plaintiff was employed by Defendants as an hourly-paid Security Guard within the three (3) years preceding the filing of this Complaint.

32.     At all relevant times, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, the AMWA, and the USERRA.

33.     Plaintiff worked for Defendants during a portion of 2017 and again in 2018 until August.

34.     Plaintiff was rehired by Defendants in December 2018 after returning from military duty and continues to work for Defendants.

35.     Defendants directly hired Plaintiff and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

36.     Plaintiff and other hourly employees performed the same or similar duties related to providing security services for companies and/or individuals who contracted with Defendants for security services, and they were regularly assigned to perform the same job duties as other employees.

37.    Defendant regularly scheduled Plaintiff and other hourly employees for hours adding up to forty (40) hours per week.

38.    Plaintiff and other hourly employees regularly and usually worked between thirty minutes and an hour beyond their scheduled shift time during each shift, but the company would only record the exact amount of time for which Plaintiff and other hourly employees were scheduled to work, despite knowing that Plaintiff and other hourly employees worked more than the scheduled amount of time.

39.    During the shift-change between security officers such as Plaintiff, officers coming on duty regularly consulted and conferred with officers going off duty for up to thirty minutes beyond their regularly scheduled hours per shift.

40.    These shift-change conferences occurred between Plaintiff and other hourly-paid officers.

41.    Plaintiff and other hourly-paid officers' supervisors expected these shift-change conferences to occur.

42.    Plaintiff and other hourly-paid officers' supervisors knew these shift-change conferences to occurred on a regular basis.

43.    Upon information and belief, to be confirmed by further discovery, Plaintiff and other hourly security officers performed the shift-change conferences during numerous weeks in which they otherwise worked forty or more hours.

44.    Because Defendants paid only for the time scheduled, it was Defendants' commonly applied policy to not pay Plaintiff and other hourly employees a lawful overtime premium for all hours worked over forty (40) in a given week.

45.     Defendants did not pay Plaintiff and other hourly employees a lawful overtime premium of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in one or more weeks during the period of time relevant to this lawsuit.

46.     Plaintiff and other hourly employees were and are entitled to lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in each week.

47.     At all relevant times, Defendants knew or should have known that Plaintiff and other hourly employees were working hours for which they were not receiving proper compensation.

48.     At all relevant times, Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other hourly employees violated the FLSA and the AMWA.

**B.    USERRA**

49.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50.     In August of 2018, Plaintiff was required to report for military duty and he notified his employer as soon as practicable after he became aware.

51.     Defendants, after becoming aware that Plaintiff would be leaving for military duty, informed Plaintiff that he was being terminated and would have to return his uniforms and other company-provided property and that he would be eligible for rehire after he returned from military duty.

52.     Defendants notified Plaintiff that during the time he was on military duty he would not be considered an employee and that time would not count towards his accrued amounts for the purposes of promotion and benefits consideration.

53.     Plaintiff was rehired by Defendants in December of 2018 after returning from military duty, but Defendants returned Plaintiff to the same status as a new hire, with no time accrued towards a promotion or eligibility for benefits.

54.     Defendants knew, or showed reckless disregard for whether, the way they treated Plaintiff's employment status violated the USERRA.

### V.REPRESENTATIVE ACTION ALLEGATIONS

**A.     FLSA §216(b) Collective**

55.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

56.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57.     Plaintiff brings his FLSA claims on behalf of all hourly employees at any time within the applicable statute of limitations period, who were not paid a lawful overtime premium by Defendants for all hours worked over forty (40) per week and who are entitled to payment of the following types of damages:

A.     Proper payment for all hours worked and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and,

C.     Attorneys' fees and costs.

58.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

59.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment, pursuant to 29 U.S.C. § 255(a).

60.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.    They were paid hourly;

C.    They performed substantially similar job duties; and

D.    They were subject to Defendants' common policy of not paying for hours worked beyond the scheduled amount and not paying a lawful overtime premium for hours scheduled and worked in excess of forty (40) per week, in violation of the overtime requirements of the FLSA.

61.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds forty (40) persons.

62.    In the modern era, most working-class Americans have become increasingly reliant on electronic means of communication, such as email and, most particularly, text messages, and generally use them more often in their daily lives than traditional U.S. Mail.

63.    Defendants can readily identify the members of the Section 16(b) Collective.  The names, email addresses, cell phone numbers, and physical and mailing

addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

**B.      AMWA Rule 23 Class**

64.      Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65.      Plaintiff proposes to represent the class of hourly employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

66.      Common questions of law and fact relate to all members of the proposed class, such as whether Defendants lawfully and properly paid the members of the proposed class for all hours worked, including a lawful overtime rate, in accordance with the AMWA.

67.      Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

68.      The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line

rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

69.     Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds forty (40) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

70.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

71.     Concentrating the litigation in this forum is highly desirable because Defendants operate a facility in or are based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

72.     No difficulties are likely to be encountered in the management of this class action.

73.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

74.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

75.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

76.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

### VI.FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of the FLSA)

77.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

78.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

79.    At all relevant times, Defendants were jointly Plaintiff's "employer" within the meaning of the FLSA.

80.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA.

81.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

82.     Defendants failed to pay Plaintiff a proper and lawful premium of one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

83.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

84.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA, plus periods of equitable tolling.

85.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

## (Collective Action Claim for Violation of the FLSA)

86.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

87.     Plaintiff asserts this claim on behalf of all hourly employees employed by Defendants within the three (3) years preceding the filing of this Complaint to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

88.    Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

89.    29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

90.    Defendants failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

91.    Because these employees are similarly situated to Plaintiff, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid employees within the past three years.**

92.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

93.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the FLSA, plus periods of equitable tolling.

94.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

95.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

96.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

97.    At all relevant times hereto, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

98.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

99.    Defendants failed to pay Plaintiff a proper and lawful overtime premium of one and one-half (1.5) times his regular hourly rate for all hours worked over forty (40) per week, despite his entitlement thereto.

100.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

101.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the AMWA, plus periods of equitable tolling.

102.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

103.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

104.    Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

105.    At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

106.    Defendants failed to pay Plaintiff and members of the proposed class lawful overtime wages for all hours worked over forty (40) per week as required under the AMWA, despite their entitlement thereto.

107.    Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid employees in Arkansas within the past three years.**

108.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

109.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, and costs,

including a reasonable attorney's fee, as provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

110.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. FIFTH CLAIM FOR RELIEF

### (Individual Claim for Violation of the USERRA)

111.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

112.    Plaintiff would not have been terminated by Defendants but for his military service and duties.

113.    Plaintiff would have continued to accrue time employed and seniority, which is how promotions are awarded by Defendants and determines whether an employee is eligible for benefits, such as retirement and insurance.

114.    Defendants termination of Plaintiff was a refusal to accommodate Plaintiff after he provided proper notice of his need for a furlough or leave time during his military obligations.

115.    Plaintiff suffered lost wages due to having to go through the application and evaluation process after returning from his military duties, rather than being allowed to resume his previous position immediately upon providing notice of his return and request for reinstatement.

116.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

117.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, as provided by the USERRA.

118.    Alternatively, should the Court find that Defendants acted in good faith in terminating Plaintiff and not accruing his time for purposes of promotion consideration and benefits eligibility, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ryan Sutherland, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer herein;

B.    That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

C.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.    A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

E.    Certification of, and proper notice to, together with an opportunity to

participate in the litigation, all qualifying current and former employees;

F.      Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G.      Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

J.      A declaratory judgment that Defendants' practices alleged herein violate the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.*, and attendant regulations;

K.      Judgment for back wages, lost benefits and promotion under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.*, and attendant regulations;

L.      Judgment for liquidated damages pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.*, and attendant regulations;

M.      An order directing Defendants to pay Plaintiff and members of the

collective and class prejudgment interest, a reasonable attorney's fee and all costs connected with this action;

      N.     That this matter be set for a jury trial; and

      O.     Such other and further relief as this Court may deem necessary, just and proper.

                        Respectfully submitted,

                        **RYAN SUTHERLAND, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

                        SANFORD LAW FIRM, PLLC
                        One Financial Center
                        650 South Shackleford Road, Suite 411
                        Little Rock, Arkansas 72211
                        Telephone: (501) 221-0088
                        Facsimile: (888) 787-2040

                        _____
                        Josh West
                        Ark Bar No. 2012121
                        west@sanfordlawfirm.com

                        _____
                        Josh Sanford
                        Ark. Bar No. 2001037
                        josh@sanfordlawfirm.com