UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RYAN SUTHERLAND, individually
and on behalf of all others similarly
situated                                                                              PLAINTIFF

v.                                            No. 5:19-CV-05071

CENTURION SECURITY, L.L.C., and
PROFESSIONAL SECURITY, INC.                                                DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff Ryan Sutherland's motion (Doc. 11) for conditional certification, brief in support (Doc. 11-1), and other supporting documents. Centurion Security, LLC and Professional Security, Inc. ("Defendants") filed a response (Doc. 14) opposing conditional certification. Plaintiff filed a reply to Defendants' response (Doc. 18). For the reasons set forth below, Plaintiff's motion will be granted as stated herein.

I.      **Background**

Plaintiff seeks conditional certification to provide notice to all former and current security guards for Defendants Centurion Security, LLC, and Professional Security, Inc. ("PSI"). Plaintiff alleges Defendants, acting as a jointly owned entity, provide security services in Arkansas and Oklahoma. Centurion Security, LLC provides service in Northwest Arkansas and PSI provides service to Western Arkansas and Eastern Oklahoma. Defendants point out Centurion Security, LLC has never operated or had any employees. According to Defendants, Centurion Security, LLC was created solely to preserve the name Centurion Security following PSI's 2008 purchase of the Centurion Security Company. PSI fully integrated the Centurion Security Company into PSI. However, PSI registered Centurion Security as a fictitious name and does business in

Northwest Arkansas as Centurion Security.   Therefore, Defendant alleges Plaintiff was an employee of PSI, not Centurion Security, L.L.C.

Since 2017, Plaintiff has worked as a security guard for Defendants.   Security guards employed by Defendants provide security services to Defendants' customers.   Plaintiff contends that security guards worked between thirty minutes and an hour before and after their scheduled shift times because the outgoing security guard was required to have a shift-change conference with the incoming security guard.   As a result of the shift-change conferences, guards worked in excess of forty hours per workweek and Defendant did not provide overtime compensation. Plaintiff contends that because security guards were not paid overtime compensation, Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. (the "AMWA").   Plaintiff seeks conditional certification of his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), authorization to issue notice to putative class members, and approval of the proposed notice and consent-to-join forms (Doc. 11-2, Doc. 11-3).

## II.   Discussion

### A.   Conditional Certification

"The FLSA allows named plaintiffs to sue [their employer] 'for and in behalf of . . . themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)).   This type of suit—a collective action—is distinguishable from a class action certified under Federal Rule of Civil Procedure 23, as it requires that plaintiffs use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23.   *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975).   The FLSA gives the Court "the requisite procedural

authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "The court has a responsibility to avoid the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs, but the district court should, in appropriate cases, exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991); *Hoffman-La Roche*, 493 U.S. at 169) (internal quotations omitted).

Ultimately, certification of a collective action will depend on whether the named plaintiffs are similarly situated to the putative class. The Supreme Court has hinted that the rules for joining similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a). *See Epic Systems Corp. v. Lewis*, -- U.S. --, 138 S.Ct. 1612, 1636 n.3 (2018) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact). Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate. *Davenport v. Charter Comms., LLC*, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015). District courts within the Eighth Circuit have historically utilized a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires

district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)).  The Court will follow the historical approach because, if satisfied, it demonstrates that Plaintiff's claims and claims of the putative class involve the same transaction or occurrence and common questions of law and fact.

Under the two-stage approach to certifying a collective action, *Resendiz-Ramirez*, 515 F. Supp. 2d at 941, when named plaintiffs move for certification of a collective action—typically early in the discovery process—a court considers whether Plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940–41.  While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quotations omitted).  Some factors that may be considered by district courts making this determination include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *See Watson v. Surf-Frac Wellhead Equip. Co.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).  If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the action proceeds as a representative action. *Croft v. Protomotive, Inc.*, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013) (citing *Resendiz-Ramirez*, 515 F. Supp. 2d

at 940).

Defendants raise two arguments against conditional certification. First, Defendants argue that Plaintiff lacks personal knowledge sufficient to testify to the existence of similarly situated plaintiffs and, therefore, Plaintiff's reliance "solely [on] his own affidavit" does not satisfy the conditional certification burden. Defendants argue Plaintiff did not have personal knowledge of the diverse locations and operations security guards worked because Plaintiff only worked at seven of the eighty different client locations. Defendants also argue that Plaintiff does not have personal knowledge regarding the work or overtime of other employees and Plaintiff's allegations do not demonstrate a policy that, by itself, implicates overtime.

The Court disagrees. Plaintiff's affidavit states Defendants did not provide overtime compensation for security guards who worked more than forty hours a week because of shift-change conferences. This affidavit is based on Plaintiff's personal knowledge derived from his employment as a security guard and interactions with other security guards. The decision to certify a class is typically determined "based solely on the affidavits presented by plaintiffs." *See Buford v. Superior Energy Servs., LLC*, 2018 WL 6441097, *4 (E.D. Ark. June 1, 2018) (internal citations and quotations omitted). Plaintiff has presented sufficient evidence of a similarly situated class based on his personal knowledge. *See Chime v. Peak Security Plus, Inc.*, 137 F. Supp. 3d 183, 202 (E.D.N.Y. 2015) (finding the "focus of the court's inquiry is not on the defendant's evidence, but on whether the plaintiffs have made their requisite showing"). Although Defendants attempt to demonstrate Plaintiff's lack of personal knowledge, the Court does not make credibility determinations or findings of fact at this stage. *See id.* ("Defendant's challenges are . . . premature . . . [and] defendant's attacks on plaintiffs' affidavits and other evidence raise questions as to whether plaintiffs could prevail under a more stringent standard and . . . survive a decertification

motion" (internal quotation and citation omitted)); *Pressler v. FTS USA, LLC*, 2010 WL 1904974, at *4 (W.D. Ark. May 12, 2010). It is not necessary for Plaintiff to allege a formal policy that failed to provide overtime. *See Chime*, 137 F. Supp. 3d at 201-02.

Next, Defendants argue there is no evidence that Plaintiff and other proposed class members were victims of a common, unlawful policy or practice that ties their claims together into a collective action that can be commonly litigated. Defendants state there is neither a document showing the policy of not paying guards overtime nor is there testimonial evidence based on personal knowledge that there was such a policy.

Plaintiff only needs to show security guards were required to work overtime without adequate compensation and Plaintiff has done so here. Plaintiff's testimony, based on experience and discussions with other guards, is that guards were required to work up to 30 minutes before and after a shift and were not paid overtime. Plaintiff's affidavit is based on his personal knowledge of the de facto policy gained as Defendants' employee. *See Simons v. Valspar Corp.*, 2011 WL 1363988, *3 (D. Minn. Apr. 11, 2011) (holding plaintiffs, as employees, can gain personal knowledge of employer's polices during course of employment). Plaintiff's evidence is sufficient to demonstrate Defendants' common policy of not compensating security guards for overtime work.

Considering the factors listed above, the Court finds that under the lenient standard applicable to this notice stage of certification, Plaintiff has met his burden to demonstrate that he is similarly situated with other putative class members. Plaintiff alleges that he worked as a security guard for a company operating in Fort Smith, Arkansas and Rogers, Arkansas. Although not all putative members work at the same location, all putative members are employed as security guards by Defendants. Plaintiff identifies a policy that requires guards to arrive early and stay

6

after a shift for a shift-change conference.  As a result of this policy, Plaintiff alleges that he and other putative plaintiffs regularly worked over forty hours per week without overtime compensation.  Plaintiff has met his burden of establishing that he is similarly situated to other security guards and has made factual allegations supporting his claim of FLSA violations for overtime compensation.  Accordingly, the Court will conditionally certify this action.

Regarding the class definition, Plaintiff requests that the Court conditionally certify and approve notice for the following class: all individuals who worked as hourly-paid security guards for Defendants at any time after April 11, 2016, which includes the three years preceding the filing of Plaintiff's Complaint.  Defendants make no objection to this class definition.

### B.     Form of Notice and Consent-to-Join

Plaintiff has submitted a proposed notice, a consent to join and a second notice of right to join (to be sent to non-responding class members 30 days after the initial notice is sent).  Defendants object to certain aspects of these documents and propose certain changes.  The Court will address each objection and proposal in turn.

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche,* 493 U.S. at 170.  The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172.  A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012).  When determining the details, the Court is "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Diaz v. New York Paving Inc.*, 340

F.Supp.3d 372, 386 (S.D.N.Y. 2018) (internal alterations and citation omitted).

The Court finds Section 3 of the proposed notice should be amended.  Defendants argue a change is necessary to reflect Plaintiff's appropriate employer and to clarify Plaintiff's claim. Plaintiff does not object to the correction regarding the appropriate employer name.  The Court orders Section 3 to be changed to read as follows:

> (3)  <u>DESCRIPTION OF THE LAWSUIT</u>: Plaintiff in this case is a security guard for Professional Security, Inc., which also does business under the trade name Centurion Security (hereinafter Professional/Centurion).  Plaintiff filed a lawsuit against Professional/Centurion asserting that Professional/Centurion violated federal law in failing to pay its security guards overtime.  Professional/Centurion denies Plaintiff's claims and allegations.  Professional/Centurion asserts that it complied with the law, and properly compensated all of its security guards.
>
> This case has not been set for trial yet.  If the case is not settled between the parties, a trial will be held at the United States District Court for the Western District of Arkansas in Fayetteville.  The Court has not ruled on or decided any of the issues, including the merits of the claims or defenses.

All other mentions of "Centurion/Professional" should be changed to "Professional/Centurion." The Court denies Defendants' objections to Section 6 of the proposed notice because the section adequately and fairly describes the effect of joining the lawsuit.

The Court agrees with Defendants that the second notice of right to join lawsuit should be changed.  However, the Court disagrees that the case caption suggests a recipient has failed to do something mandatory.  With exception to the change below, the notice should remain as proposed. The Court orders the second notice be changed to read as follows:

> On _____ ___, 2020, you were sent a **Notice of Right to Join Lawsuit** informing you of a lawsuit in which you could become a member as an Opt-In Plaintiff.  You are being sent this second notice because you must join the lawsuit if you want to become a member of the class.  If you did not receive the first Notice and would like a copy, please contact Plaintiff's attorney listed below.  <u>If you already sent a Consent, it has not been received.</u>  The consent must be received by _____ ___, 2020.

### C.     Dissemination of Notice and Requests for Information

Plaintiff has also requested notice through U.S. Mail and email, or alternatively through U.S. Mail and text message.  Plaintiff further requests Defendants post the Notice in a location where Defendants post government-required notices.  The Court will grant the request to provide notice through U.S. Mail and email, but not through text message.  The Court also grants Plaintiff's request to send a second notice of right to join lawsuit via U.S. Mail.

Plaintiff's request that Defendants be required to post the notice in a conspicuous location at its facilities will be granted.  *Cruthis v. Vision's*, 2013 WL 4028523, at *8 (E.D. Ark. Aug. 7, 2013) (citing *Putnam v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 276 (S.D. Iowa 2011) ("[C]ourts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice.")).

Plaintiff requests that the Court order Defendants to provide them with a list of the names, last known mailing addresses telephone numbers, email addresses, and dates of employment for all potential plaintiffs within the class description.  Defendants object to the request for information to the extent that if email notice is approved Defendants should not be required to produce telephone numbers.  The Court will grant Plaintiff's request.  *See e.g., Melgar v. O.K. Foods, Inc.*, 2015 WL 1470092, at *2 (W.D. Ark. Mar. 31, 2015) ("The Court hereby directs Defendants to provide Plaintiffs' counsel with a complete electronic list of putative class members, together with their current or last known address, phone number, and email address.").  Defendants also request the information be kept confidential and used only for the purpose of contacting opt-in plaintiffs in connecting with the litigation.  The Court orders Plaintiff's counsel to treat the information as confidential and not to disclose it to third parties.  *See Croft*, 2013 WL 1976115 *4 (ordering Plaintiff's counsel to keep information confidential).

Plaintiff also requests the deadline to file opt-in plaintiffs' consent-to-join forms be set no earlier than 90 days after Defendants provide the putative members' contact information. Plaintiff requests 90 days because "it is normal and has been approved by many courts." (Doc. 11-1, p. 15). Defendants object to the 90-day period and request a 60-day period because the potential class is closely located and not a nationwide class which would require a longer period. The Court finds that a 60-day opt-in period is sufficient and will serve the interests of efficiently facilitating notice without further delaying the litigation. Therefore, a 60-day opt-in period is appropriate and will be authorized.

III.   **Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion for conditional certification of a collective action and approval of notice (Doc. 11) is GRANTED. The motion is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all current and former hourly security guards employed by Professional Security, Inc. and Centurion Security at any time after April 11, 2016. Upon receiving the information described below, Plaintiff will have ten days to prepare and distribute the notices to all putative plaintiffs as allowed by this order. Plaintiff will then have 60 days in which to file opt-in plaintiffs' signed consent-to-join forms with the Court. **The 60-day opt-in period will begin on October 24, 2019.**

- Defendants are directed to provide the names, mailing addresses, email addresses, phone numbers and dates employed of all putative members of the collective action. Defendants may provide this information in any reasonable format. **Defendants have until**

**October 14, 2019 to deliver the contact information to Plaintiff.**

- Plaintiff's proposed notice and consent-to-join forms are approved in accordance to the changes above.

- Defendants are directed to post the notice in a conspicuous location at their facilities.

IT IS SO ORDERED this 2nd day of October, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE